**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND and** | ) | |
| **LABORERS' WELFARE FUND OF THE** | ) | |
| **HEALTH AND WELFARE DEPARTMENT** | ) | |
| **OF THE CONSTRUCTION AND GENERAL** | ) | |
| **LABORERS' DISTRICT COUNCIL OF** | ) | |
| **CHICAGO AND VICINITY, and JAMES S.** | ) | |
| **JORGENSEN, Administrator of the Funds,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11 C 1602** |
| | ) | |
| **DOMINIC FIORDIROSA CONSTRUCTION** | ) | **Judge Castillo** |
| **COMPANY, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, by their attorneys, in support of their motion for damages against Dominic Fiordirosa Construction Company, Inc. ("Fiordirosa") state:

1.     On March 7, 2011, plaintiffs filed a complaint under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times the defendant has an obligation, arising from a collective bargaining agreement to make contributions to plaintiffs' Funds and to submit to an audit upon demand.

2.     On March 14, 2011, plaintiffs' special process server, Deanna Ducar personally served the complaint and summons upon Fiordirosa's registered agent, Mark Rodriguez, at the

address of 364 Pennsylvania Avenue, Glen Ellyn, Illinois, 60137. A copy of the return of service is hereto attached as Exhibit 1.

3.      The Funds are multi-employer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and 37(A). The Funds have offices and conduct business within this District.

4.      The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund), the Laborers' District Council Labor-Management Cooperation Committee ("LDC/LMCC," also known as "LMDC"), the Chicago-area Laborers-Employers Cooperation and Education Trust ("LECET"), and the Construction Industry Service Corporation ("CISCO") to act as an agent in the collection of contributions due to those funds, and have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity to act as an agent for the purposes of collecting union dues deducted from employees' wages. The Company is an Illinois corporation doing business within this District, and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5.      Fiordirosa is party to a collective bargaining agreement dated and signed on August 1, 1978 (known as the short form agreement) with the Construction and General Laborers District Council of Chicago and Vicinity ("Union") Exhibit 2. The short form agreement provides, *inter alia*, that the "Collective Bargaining Agreements between ... the Underground Contractors Association and the Union...and all other Associations with whom the Union has duly negotiated an Agreement, shall be and they are hereby incorporated herein with the same force and effect as if herein set forth in full..." Hence, the short form agreement incorporates by reference the Joint

Agreement, Exhibit 3.

The short form agreement and the Joint Agreement incorporate by reference the Agreements and Declarations of Trust establishing the Health and Welfare, and Pension Funds. The Agreement and Declaration of Trust creating the Laborers' Pension Fund is attached hereto as Exhibit 4; the Agreement of Declaration and Trust of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity is attached hereto as Exhibit 5. The Joint Agreement also incorporates by reference the Agreements and Declarations of Trust establishing the various other Funds. Exhibit 2, ¶ 3; Exhibit 3, p. 32.

6.     The short form agreement, the Joint Agreement and the Trust Agreements obligate Fiordirosa to make contributions to the Funds on behalf of covered employees for pension benefits and health and welfare benefits, and to other benefit funds and labor-management funds, and to submit monthly remittance reports in which Fiordirosa, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions remitted on behalf of each covered employee. The Joint Agreement further obligates the Company to deduct Union dues from the wages of covered employees and to remit such dues to the Union together with monthly remittance reports.

7.     The respective Agreements and Declarations of Trust of the Laborers' Funds, to which the Company is bound, as well as the policies and rules adopted by the Trustees of the Funds pursuant to those Agreements and Declarations of Trust, require Fiordirosa to pay liquidated damages in the amount of ten or twenty percent of the principal amount of delinquent contributions, when contributions are paid untimely, and interest at a rate of twelve percent on all delinquent amounts owed from the date of delinquency forward. According to the Funds' policy, liquidated damages are assessed at the rate of ten percent of the delinquent contributions by the Funds when

a contributing employer fails to remit or report within sixty days. Liquidated damages are assessed at the rate of twenty percent where the matter is sent to the Funds' counsel for collection or when delinquencies are identified through an audit. Exhibit 6 (Affidavit of J. Fosco ¶ 8 ).

8.      On May, 9, 2011, Daniel F. Timm, Payroll Audit Supervisor for Bansley and Kiener, LLP, reviewed the Defendant's records, at the Defendant's place of business, located at 956 Bluff City Blvd., Elgin, Illinois 60120. Mr. Timm's completed audit report was forwarded to the Funds by a letter dated August 17, 2011. A copy of this report is attached to Mr. Timm's affidavit, Exhibit 7.

9.      On August 23, 2011, plaintiffs' counsel sent a letter to the Defendant including a copy of the audit report. The letter requested that the defendant either submit payment of the amounts owed pursuant to the report, or present challenges to the report, along with supporting documentation by September 6, 2011. A true and correct copy of the August 23, 2011 letter is hereto attached as Exhibit 8.

10.     On or about September 5, 2011, Dominic Fiordirosa, President of Fiordirosa forwarded a written request that the Company be given until September 30, 2011 to submit challenges to the audit report; plaintiffs' counsel did not object to this request. A true and correct copy of Fiordirosa's letter dated September 5, 2011 is attached hereto as Exhibit 9. Challenges were submitted to the report in letters dated September 6, 7, 2011; and on October 4,6,11,17, 2011.

11.     On or about November 10, 2011, the challenges raised by defendant concerning the reconciliation between actual and reported hours listed in the audit reports for the years 2009 and 2011 were sent to auditor Daniel F. Timm. After reviewing the challenges, Mr. Timm advised plaintiffs' counsel that the challenges did not take into account the week of payroll which was missed

-4-

due to the transition to a new payroll system and therefore the challenges were without merit. Exhibit 7 (Timm Affidavit ¶ 7).

12.     Based on the remaining challenges presented by the defendant, Field Representative Jim Fosco revised the Bansley and Kiener audit report, accepting Mr. Fiordirosa's position with respect to several items. On November 23, 2011, plaintiffs' counsel sent the revised audit report to defendant, explaining the revisions made to the audit report, and requesting that defendant submit payment or present any further challenges by November 30, 2011. Defendant was also advised that further information was needed before challenges to a number of items could be granted. Exhibit 10. Additional challenges to the audit were submitted by the defendant via letters dated November 29, 30, 2011, December 5,7, 2011.

13.     Following a thorough review of challenges submitted by the defendant in November 2011 and December 2011, and at the request of the defendant, plaintiffs' counsel scheduled a meeting between Mr. Fiordirosa and Daniel Timm to review Mr. Fiordirosa's challenges to the audit report. The meeting, held on January 13, 2012, was attended by plaintiffs' counsel, Karen I. Engelhardt and Jason McGaughy, as well as Jim Fosco, Daniel Timm, and Dominic Fiordirosa. While discussing the inclusion of Christopher Alvino on the audit, Mr. Fiordirosa became enraged and abruptly left the meeting without reviewing his challenges with Mr. Timm. Exhibit 6 (Fosco Affidavit ¶ 5); Exhibit 7 (Timm Affidavit ¶ 8).

14.     On January 19, 2012, Plaintiffs' Counsel, Jason McGaughy deposed Mr. Fiordirosa. Mr. Fiordirosa was instructed, via his attorney at the time, Mike Loprieno to come to the deposition prepared to discuss his challenges to the audit report. During the course of the deposition, Mr. Fiordirosa articulated his challenges to the audit report. Exhibit 11, p.71 line 1- p.93 line 7. Mr.

Fiordirosa testified that the challenges presented during the deposition represented all of his challenges to the audit report. Exhibit 11, p.93 lines 5- 7.

16.     Based on the transcript of Mr. Fiordirosa's deposition, the attached Exhibit 12 is a summary of the challenges presented by Mr. Fiordirosa.

17.     On February 14, 2012, plaintiffs' counsel forwarded this summary of Mr. Fiordirosa's challenges presented at the deposition to auditor, Daniel Timm, for Mr. Timm's review. Exhibit 12. The challenges were identified by the month and year, the page of the audit report, and by their respective number on the "Recap Sheet" prepared by Mr. Fiordirosa, which is also Exhibit 6 of Mr. Fiordirosa's deposition. Exhibit 11.

18.     In a letter dated February 27, 2012, and an e-mail message dated March 1, 2012, Mr. Timm explained that these challenges were without merit. Exhibits 13 and 14.

19.     Mr. Fiordirosa also presented two challenges which were not within Mr. Timm's purview: Mr. Fiordirosa again challenged the inclusion of hours attributed to Christopher Alvino on the audit report, claiming that Mr. Alvino was not a laborer; (2) Mr. Fiordirosa also challenged the inclusion of amounts owed for April 2011 and May 2011, claiming that he submitted a check dated July 27, 2011 in the amount of $20,000.00 as payment for these months. These challenges were presented to Field Representative Jim Fosco. As established by Mr. Fosco's affidavit, the Funds removed the hours attributed to Christopher Alvino from the audit report.

20.     On March 2, 2012, Plaintiffs' counsel sent a letter to Defendant's attorney attaching a copy of the second revised audit report and explaining in detail why the challenges presented by Mr. Fiordirosa during his deposition, with the exception of his continued objection to the inclusion of Christopher Alvino, were not accepted. Regarding Mr. Fiordirosa's claim that he submitted a

check dated July 27, 2011 in the amount of $20,000.00 as payment for the amounts owed for April 2011 and May 2011, the Funds confirmed receipt of a check in the amount of $20,000.00; however, $4,074.25 was applied to contributions owed for February 2011; $8,858.77 was applied to contributions owed for March 2011; and the amount of $7,066.98 remains in the Pension Miscellaneous account. The March 2, 2012 letter also requested that Defendant submit payment of the amounts owed pursuant to the second revised audit report, or contact Plaintiffs' counsel to make arrangements for payment by March 15, 2012. Exhibit 15.

21.     As established by the affidavit of the Jim Fosco, which is attached hereto as Exhibit 6, the second revised audit report covering the period from September 1, 2007 to June 30, 2011 demonstrates that principal contributions are to the Welfare, Pension, Training, IAF, LECET, LDCMC ("LDCLMCC"), and CISCO Funds and for Union dues in the amount of $163,413.56.

22.     Liquidated damages and interest are due as established by paragraphs 8 and 9 of Mr. Fosco's affidavit. Liquidated damages are owed in the amount of $1,728.56 for the LDCLMCC and LECET Funds and for Union dues. With respect to the Pension, Welfare and Training Funds, liquidated damages are owed in the amount of $29,225.58. Interest is also owed in this matter and has been calculated by Mr. Fosco through May 23, 2012 in the amount of $114,818.61.

23.     As established by Paragraph 11 of Mr. Fosco's affidavit, the audit fees in this matter are $2,453.89.

24.     As required by Article VI of the joint agreement, all employers are required to procure, carry and maintain a surety bond in an amount that is satisfactory to the Union. This bond must be in excess of $5,000.00 to guarantee the payment of wages, Pension and Welfare Trust Contributions during the term of the Agreement. Plaintiffs request that defendant, within 60 days

of the date of this judgment order, provide written proof that it has obtained such a surety bond to Plaintiffs' counsel, Jason McGaughy, Allison, Slutsky & Kennedy, P.C. , 230 W. Monroe Street, Suite 2600, Chicago, IL 60606. Plaintiffs further request that this Court order defendant to submit remittance reports and contributions for March 2012.

25. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B), and seek leave to file a motion under Local Rule 54.3 in the event this motion is granted.

**WHEREFORE,** Plaintiffs request entry of a judgment against Dominic Fiordirosa Construction Company, Inc., in the amount of $309,216.31, as well as an order for a surety bond and an order requiring the Company to report and pay contributions for March 2012. Plaintiffs also request that the Court grant plaintiffs leave to file a motion for fees and costs.

Respectfully submitted,

/s/ Jason McGaughy
One of plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

June 1, 2012

-8-

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiffs'

Motion for Damages has, this 1st day of June, 2012, been served upon the following, by filing it with

the Court's CM-ECF system which will send an electronic copy to:


Eric J. Malnar
Stahl Cowen Crowley Addis, LLC
55 W. Monroe Street, Suite 1200
Chicago, IL 60603



/s/Jason McGaughy